IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

CHRIS KINGSBURY
on behalf of himself and all others similarly situated,

          Plaintiff,

v.

ULTIMATE NUTRITION, INC.

and

PROSTAR, INC.

          Defendants.

**CLASS ACTION COMPLAINT
AND JURY DEMAND**

---

Chris Kingsbury ("Plaintiff") on behalf of himself and a class of those similarly situated ("Other Similarly Situated Employees"), by way of Complaint against Ultimate Nutrition, Inc. and Prostar, Inc. ("Defendants") by and through his counsel allege as follows:

### NATURE OF THE ACTION

1. This is a class action for the recovery by Plaintiff and Other Similarly Situated Employees of the Defendants as a single employer for damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiff's rights under the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 et. seq. (the "WARN Act"). Although the Plaintiff and the Other Similarly Situated Employees were nominally employed by Defendant Prostar, Inc. ("Prostar"), pursuant to the WARN Act's single employer rule, Ultimate Nutrition, Inc ("Ultimate") was also the Plaintiff's and the Other Similarly Situated Employees' "Employer" until they were terminated as part of, or as a result of, a mass layoff and/or plant closing ordered by Defendants on or about August, 17, 2019 and

thereafter. The Defendants violated the WARN Act by failing to give the Plaintiff and the Other Similarly Situated Employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Act. As a consequence, the Plaintiff and the Other Similarly Situated Employees of the Defendants are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

3. The violations of the WARN Act alleged herein occurred in this District. Venue in this Court is proper pursuant to 29 U.S.C § 2104 (a)(5).

## THE PARTIES

4. Upon information and belief, at all relevant times, Defendant Ultimate is incorporated in the state of Connecticut with a facility located at 21 Hyde Road, Farmington, CT 06034.

5. Upon information and belief, at all relevant times, Defendant Prostar was a Connecticut corporation with its principal place of business located at 7 Corporate Ave., Farmington, CT, 06034

6. Upon information and belief, in the beginning of 2019, Ultimate began to pay its employees through the entity Prostar.

7. Defendants jointly maintained, owned, and operated facilities located at 7 Corporate Ave., Farmington, CT, 21 Hyde Rd., Farmington, CT, and 1 Hartford Square, New Britain, CT. (the "Facilities").

8. Plaintiff Chris Kingsbury was employed by Defendants as a single employer at the facility located at 21 Hyde Rd., Farmington, CT until his layoff without cause on or about August 17, 2019.

9. Plaintiff and the Other Similarly Situated Employees were employed by Defendants at the Facilities until their termination without cause on or about August 17, 2019 and thereafter at which time Defendants ordered a mass layoff and/or plant closing of the Facilities.

10. Upon information and belief, approximately 150 persons were employed at the Facilities by Defendants until their termination without cause on or about August 17, 2019 and thereafter.

11. Upon information and belief, Defendants, as a single employer, owned and operated the Facilities until on or about August 17, 2019 and thereafter.

12. On or about August 17, 2019 and thereafter, Defendants, as a single employer, ordered the termination of the Plaintiff's employment together with the termination of all other employees who worked at or reported to the Facilities as part of a mass layoff and/or plant closing as defined by the WARN Act for which they were entitled to receive 60 days advance written notice under the WARN Act.

**CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104 (a)(5)**

13. Pursuant to the WARN Act, 29 U.S.C. § 2104 (a)(5), the Plaintiff maintains this action on behalf of himself and on behalf of each of the Other Similarly Situated Employees.

14. Each of the Other Similarly Situated Employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

15. Defendants, as a single employer, were required by the WARN Act to give the Plaintiff and the Other Similarly Situated Employees at least 60 days advance written notice prior to their terminations.

16. Prior to their terminations, neither the Plaintiff nor the Other Similarly Situated Employees received written notice that complied with the requirements of the WARN Act.

17. Defendants failed to pay the Plaintiff and the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

### CLASS ACTION ALLEGATIONS RULES 23 (a) and (b)

18. The Plaintiff brings this action on his own behalf and, pursuant to the Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of himself and the Other Similarly Situated Employees who worked at the Facilities and were terminated as part of or as the reasonably foreseeable result of the mass layoff and/or plant closing ordered by the Defendants, as a single employer, on or about August 17, 2019 and thereafter ("the "Class").

19. The persons in the Class identified above ("Class Members") are so numerous that joinder of all Class Members is impracticable.

20. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

21. The claims of the representative party is typical of the claims of the Class.

22. The representative party will fairly and adequately protect the interests of the class.

23. The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the contest of WARN Act litigation, where individual Plaintiff and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

25. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

   (a) Whether the Class Members were employees of the Defendants who worked at or reported to the Facilities;

   (b) Whether Defendants, as a single employer, terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice;

   (c) Whether the Defendants may rely the WARN Acts "unforeseeable business circumstances" or "faltering company" defense.

   (d) Whether Defendants failure to provide 60 days' notice should render them liable to the Class Members for 60 days' pay and benefits.

26. At all relevant times, the Defendants employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed more than 60 employees at the Facilities.

27. At all relevant times, each of the Defendants was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of the WARN Act and 20 C.F.R. § 639.3(a).

## Single Employer Allegations

28. The Defendants constituted a "single employer" of the Plaintiff and the Class Members in that, among other things:

1. **Common Ownership**

    (a) Upon information and belief, at all relevant times, Ultimate and Prostar were, wholly owned, directly or indirectly, by Brian Rubino ("Rubino").

2. **Common Directors and Officers**

    (b) Upon information and belief, Brian Rubino was President, Treasurer, and Secretary of Ultimate and Prostar.

    (c) Upon information and belief, at all relevant times, neither Ultimate nor Prostar maintained a formal Board of Directors but, instead, were each completely controlled by Rubino.

3. **Dependency of Operations**

    (d) Upon information and belief, at all relevant times, Ultimate and Prostar acted as a single entity and maintained a dependency of operations.

4. **Unity of Personnel Policies**

    (e) Upon information and belief, at all relevant times, Ultimate and Prostar maintained common personnel policies including the payment of wages, and the companies' health care plan.

    (f) Upon information and belief, the decision to order a mass layoff and/or plant closing without providing a WARN notice was made by Rubino on behalf of each of the Defendants.

5. **De Facto Control**

(g) Upon information and belief, at all relevant times, all critical business decisions made on behalf of Ultimate and Prostar, including decisions relating to Plaintiff's and the Class' employment and specifically, the decision to shut down the Facilities without providing WARN notice, were made by Rubino.

29. On or about August 17, 2019 and thereafter, Defendants, as a single employer, ordered the "mass layoff" and/or "plant closing" of the Facilities as those terms are defined by 29 U.S.C. § 2101(a).

30. The Plaintiff and the Class Members who were terminated by Defendants as a result of Defendants ordering the mass layoff and/or plant closing at the Facilities on or about August 17, 2019 and thereafter were "affected employees" as defined by 29 U.S.C. § 2101(a)(5) of the WARN Act.

31. The mass layoff and/or plant closing at the Facilities resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendants' employees as well as 33% of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by the WARN Act.

32. The Plaintiff and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

33. Pursuant to Sections 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 et. seq., Defendants were required to provide at least 60 days prior written notice of the termination or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

34. Defendants failed to provide at least sixty (60) days prior notice to the Class Members terminations and also failed to provide notice prior to their terminations setting forth the basis for reduced notice as required by the WARN Act.

35. The Defendants failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

36. As a result of Defendants' failure to pay the wages, benefits and other monies as asserted above, the Aggrieved Employees were damaged in an amount equal to the sum of the Class Members unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

**WHEREFORE**, the Plaintiff and Class Members demand judgment against the Defendants as follows:

a. An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act;

b. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), Plaintiff and the Class Members constitute a single class;

c. Interest as allowed by law on the amounts owed under the preceding paragraphs;

d. Appointment of the undersigned attorneys as Class Counsel;

e. Appointment of Plaintiff as the Class Representatives and payment of reasonable compensation for his services as such;

f.  The reasonable attorneys' fees and the costs and disbursements the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6);

g.  Such other and further relief as this Court may deem just and proper.

h.  The plaintiff hereby demands a trial by jury on all issues so triable.

Dated: August 21, 2019

BY: _____
David Rintoul, Esq. ct#08456
Zeldes, Needle & Cooper, PC
1000 Lafayette Blvd, 7th Floor
Bridgeport, CT 06604
Tel: 203-333-9441
drintoul@znclaw.com

Pro Hac Vice Motions to be submitted for the following:

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
132 Nassau Street, Suite 1100
New York, NY 10038
P: (212) 581-5005
F: (212) 581-2122

THE GARDNER FIRM
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
182 St. Francis Street
Suite 103
Mobile, Alabama 36602
P: (251) 433-8100
F: (251) 433-8181

Cooperating Counsel for
THE NLG MAURICE AND JANE SUGAR
LAW CENTER FOR ECONOMIC AND
SOCIAL JUSTICE, a non-profit law firm
4605 Cass Ave.
Detroit, Michigan 48201
P: (313) 993-4505

*Attorneys for Plaintiff*