**NOTICE TO SETTLEMENT CLASS**

> *Chris Kingsbury and Emiliano Lena, on behalf of themselves and all others similarly situated v. Prostar, Inc.*
>
> <u>Case No. 3:19-cv-01299-VLB</u>
>
> (District of Connecticut)

**THIS SETTLEMENT INVOLVES MONEY AWARDS FOR SETTLEMENT CLASS MEMBERS.**

**PLEASE READ CAREFULLY.**

**PLEASE DO NOT WRITE TO OR CALL THE COURT CONCERNING THIS MATTER**

**Objection/Opt-Out Deadline:** _____

THIS NOTICE CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS

You should read this entire document. A short summary is set forth here, but you should review the complete document to ensure that you understand its terms:

1) This Notice describes the terms of a class action settlement of claims brought by Chris Kingsbury and Emiliano Lena (sometimes referred to as the "<u>Plaintiffs</u>" or "<u>Class Representatives</u>"), on their own behalf and on your behalf, under the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 (the "<u>WARN Act</u>"). This class action lawsuit alleges that your employment and the employment of certain other employees was terminated, without cause on your part, as the result of a mass layoff or plant closing without proper advance written notice in violation of the WARN Act;

2) Prostar, Inc. ("<u>Prostar</u>" or "<u>Defendant</u>") has agreed to a Settlement of $75,000 to resolve these claims for the entire Settlement Class and obtain a release of claims;

3) If you are the addressee on this Notice, you are one of the individuals included within this Settlement Class. Therefore, if you wish to participate in this Settlement and receive the payment discussed in this notice, you do not need to take any action; and

4) If you do <u>not</u> want to be part of the class or participate in the Settlement and be bound by its terms, you must mail in your opt out form (which is part of this Notice) according to the instructions in this Notice so that it is received by counsel no later than_____. If you do not opt out by that date, you will be bound by the Settlement. Further, as a Settlement Class Member, you have the right to object to or comment on, the Settlement Agreement and, to appear at the hearing to take place on <u>[date/time location]</u>, at which the Court will consider the final approval of

**the Revised Settlement Agreement (the "Settlement Agreement"). The process for making an objection, if you choose to do that, is set out below.**

**5) <u>The parties previously submitted a motion for approval of their original settlement agreement, which the Court denied. The Court's disapproval of the original agreement was based on the inclusion of a release that went beyond claims under the WARN Act. The parties have now revised their agreement such that the only claims released are those under the WARN Act.</u>**

## Background and Case History

1. **On August 21, 2019, and as amended thereafter, Plaintiffs filed a *Class Action Complaint* and Jury Demand against Defendant and Ultimate Nutrition, Inc. ("<u>Ultimate</u>") (the "<u>Lawsuit</u>"). The Lawsuit alleges a Rule 23 class claim asserting that Prostar and Ultimate, as a "single employer," violated the WARN Act. The Lawsuit alleges that Prostar and Ultimate employed more than 100 employees who worked at least 4,000 hours per week within the United States; and that Prostar and Ultimate ordered mass layoffs or plant closings, as defined by the WARN Act, on or about August 17, 2019 and thereafter at facilities located at 7 Corporate Avenue and 21 Hyde Road, Farmington, Connecticut (the "<u>Facilities</u>") that resulted in the loss of employment for at least 50 non-part time employees who worked at or reported to the Facilities. The Lawsuit further alleges that a class should be certified consisting of the Plaintiffs and the other similarly situated former employees terminated from the Facilities, without cause on their part, on or about August 17, 2019, or as the reasonably expected consequence of, the mass layoffs or plant closings, as defined by the WARN Act. The Lawsuit further alleges that the Plaintiffs and the other similarly situated former employees terminated on or about August 17, 2019 as the reasonably foreseeable consequence of the mass layoffs or plant closings are "affected employees", as defined by 29 U.S.C. §2101(a)(5); that these former employees did not receive 60 days' advance written notice of termination from Prostar and Ultimate, as required by the WARN Act; and that Prostar and Ultimate failed to pay them 60 days' wages and fringe benefits, as required by the WARN Act. The Lawsuit further alleges that the proposed class meets the requirements of Fed. R. Civ. P. 23.**

2. **On November 15, 2019, Prostar and Ultimate filed an Answer to the Lawsuit (the "<u>Answer</u>"). In the Answer, Prostar and Ultimate each deny that they were a "single employer". Further, Prostar and Ultimate asserted numerous affirmative defenses, including the "unforeseeable business circumstances" exception. Prostar and Ultimate also asserted that each did not independently have one hundred employees, exclusive of part-time employees. Prostar and Ultimate also asserted that their separate work locations did not constitute a "single site of employment" for purposes of the WARN Act. Prostar and Ultimate also asserted that their**

    actions were taken in good faith and that each had reasonable grounds for believing that its acts or omissions were not a violation of the WARN Act.

3. A Scheduling Order was entered on November 26, 2019 and, thereafter, Plaintiffs commenced written discovery.

4. The parties spoke on January 29, 2020 concerning discovery and began to explore settlement that same day.

5. In the ensuing months, Prostar and Ultimate provided responses and responsive documents to Plaintiffs' discovery requests which were not subject to an objection. Prostar admitted in response to Plaintiffs' discovery requests that, while it is currently operating, it is insolvent on a balance sheet basis.

6. During this same period, the Parties conducted good-faith, arms' length settlement negotiations in an effort to resolve this matter. Prior to the reaching of agreement on the original proposed settlement, Prostar provided Class Counsel with reliable documentary evidence demonstrating that there were no unencumbered assets that would be available to pay any judgment or any settlement in this matter. Class Counsel did not deem it in the class's best interest to litigate towards a larger judgment that could not be executed; that would do nothing for the class members. Accordingly, it was and is the professional judgment of Class Counsel that the amount negotiated is the best that can be done for the Class, as a practical matter, in this case.

7. While counsel for Plaintiffs and Prostar disagree as to whether Prostar has any obligation or liability under the WARN Act with respect to the claims asserted in the Lawsuit, in order to avoid further costly litigation and the uncertainties and risks associated therewith, the Parties have agreed to fully and finally compromise, settle, and resolve any and all demands, claims, damages, and causes of action arising from the Lawsuit, and to enter into this Settlement Agreement, according to the terms set forth herein, including certification of a proposed Settlement Class.

## The Proposed Settlement Agreement

8. The Parties agree to certification of the Settlement Class, comprised of all former employees of Prostar who worked at or reported to the Facilities until they were laid off, furloughed and/or terminated, without cause on their part, on or about August 17, 2019, within thirty (30) days before that date or in the sixty (60) days thereafter, who do not opt out of the Settlement Class. Prostar represents and warrants that it is informed and believes that all of the Settlement Class members who satisfy the Settlement Class definition are listed on Schedule 1 to the Settlement Agreement. The Settlement Class shall be certified for settlement

purposes only. The Plaintiffs shall be named as Class Representatives and Lankenau & Miller, LLP and The Gardner Firm, P.C. are appointed as Class Counsel.

9. Pursuant to the terms of this Settlement Agreement, Prostar shall pay Seventy-Five Thousand Dollars ($75,000) (the "**Settlement Amount**"), via wire transfer (according to instructions to be supplied by Class Counsel) to The Gardner Firm, PC within three (3) business days of the Court's entry of the Final Order, approving the Settlement. Once received, the Settlement Amount shall be distributed by Class Counsel as follows: (a) a one-time payment of $1,000 each to Chris Kingsbury and Emiliano Lena for their services rendered in this action (the "**Service Payments**") and (b) the balance, minus one-third for attorneys' fees ("**Class Counsel's Fees**"), plus expenses of litigation (including costs associated with the production and mailing of the Class Notice and the administration of this Settlement Agreement, estimated to be approximately $5,000) ("**Class Counsel's Expenses**"), shall be divided among the proposed Settlement Class Members, as indicated on Schedule 1 to the Settlement Agreement. The net payments shown on Schedule 1 reflect each Settlement Class Member's pro rata share of the Settlement Amount (after the deduction of Class Counsel's Fees, Class Counsel's Expenses and the Service Payments) and is based on Class Counsel's calculation of the maximum theoretical statutory WARN wage damages of each, with a minimum net amount of $100. Following receipt of the Settlement Amount payment from Prostar, Class Counsel shall then promptly distribute the Service Payments and "Settlement Amount Net of Service Payments, Fees and Expenses" in the amounts shown on Schedule 1, along with an IRS Form 1099 (where required), to each Settlement Class Member who is not an Opt-Out.

10. In the event that any Settlement Class Member funds remain uncashed upon the 181st day following the initial disbursement of the Settlement Amount, such unclaimed funds ("the "**Residual Funds**") shall (i) first, be used to make pro rata Settlement distributions to additional Settlement Class Members, if any, who may be identified after Class Counsel have made the distribution from the Settlement Amount and who fall within the Class Definition herein but who did not appear on Schedule 1 ("**Additional Settlement Class Members**"); (ii) second, distributed pro rata to Settlement Class Members through a supplemental distribution so long as Class Counsel determines that such a distribution is feasible, and (iii) if any Residual Funds remain after Settlement Fund disbursements to Additional Class Members (should there be any) or as a supplemental distribution, then last, donated to Farmington Food Pantry, a non-profit 501(c)(3) charitable organization. No portion of the Residual Funds shall revert to or be retained by the Class Counsel or Prostar for any reason.

11. Settlement Class Members are personally responsible for payment of all taxes and any tax liability resulting from the amount of any Settlement checks.

12. The Settlement Agreement will *no*t become effective if the Court does not approve it.

13. The total amount of your projected Net Settlement Claim Amount under the Settlement Agreement, after deduction of the Service Payments, Class Counsel's Fees and Class Counsel's Expenses, is shown on Exhibit "A" attached here.

### Class Counsel's Recommendation

14. Class Counsel recommends approval of the Settlement Agreement, believing that it is fair, reasonable and adequate to the Class, particularly in light of Prostar's distressed financial condition

### Release of Legal Rights and Claims and Effect of Approval of Settlement Agreement

15. Each Settlement Class Member, (but not any Opt-outs, defined below), for and on behalf of themselves, and their respective predecessors, successors, assigns, heirs, personal representatives and estates (collectively, the "**Releasing Parties**"), do hereby fully and forever release and discharge Prostar and Ultimate and each of their respective officers, directors, shareholders, affiliates, subsidiaries, agents, employees, partners, members, accountants, attorneys, representatives and other agents, and all of their respective predecessors, successors and assigns (collectively, the "**Released Parties**"), of and from any and all claims arising under the WARN Act, 29 U.S.C. § 2101 et seq. (the "**Released Claims**").

16. The rights and obligations of any individual who elects to opt-out of the proposed settlement ("**Opt-out**") will be unaffected by the Settlement Agreement, and such Opt-out will have the same rights and obligations as the Opt-out would have had if this Lawsuit had never been filed and this Settlement Agreement had never been executed. An Opt-out shall not have any rights against Prostar by reason of the Settlement Agreement and the Settlement Agreement shall not be admissible and/or used in any fashion in any action by any Opt-out. Prostar denies any violation of the WARN Act and reserves all of its rights and defenses with respect to any Opt-out.

17. The Parties agreed to file a Stipulation of Dismissal with Prejudice as to Ultimate within three (3) business days of execution of the Settlement Agreement, with the condition that the claims in the Lawsuit against Ultimate may be reinstated by Plaintiffs if any of the following occur: (a) Prostar exercises its right to decline to proceed with the terms of this Settlement Agreement if the Opt out Threshold (defined below) is exceeded, or (b) the Court does not approve the Settlement Agreement, or (c) if the Settlement Amount is not paid by wire to The Gardner Firm, PC within three business days of the Court's entry of the Final Order, approving the Settlement Agreement.

18.    Approval of this Settlement Agreement by the Court, combined with full consummation of Prostar's obligations under this Settlement Agreement, shall operate as a full and complete release of the Released Claims by the Releasing Parties against the Released Parties.

### Your Options under the Proposed Settlement

19.    If you do not opt-out, and the Court approves the Settlement Agreement, you will be covered by the Settlement Agreement and share in the benefits described in this notice.

20.    If you choose <u>not</u> to be bound by this Settlement Agreement and <u>do not</u> wish to receive any money pursuant to it, you may opt-out of the Settlement Class by filling out the attached "Opt-Out Form", and signing and mailing that form by United States mail to: The Gardner Firm, P.C., P.O. Drawer 3103, Mobile, Alabama 36652, Attn: Mary Olsen, Esq. The Opt-Out Form must be <u>received</u> by Ms. Olsen no later than [thirty-five days after the date of mailing]. All requests to opt-out received after that date will not be effective, and any person who sends a late request will be bound by the Settlement.

21.    If you believe that the proposed Settlement Agreement is unfair or inadequate or that Class Counsel's Fees or Class Counsel's Expenses should not be approved, you may object to the Settlement Agreement by mailing a detailed written statement describing the basis of your objection, which must also contain: the case number and name of the Lawsuit, shown above on the first page; your name, address, and telephone number and whether you wish to be heard personally or by counsel at the Fairness Hearing at which the parties will be requesting binding Court approval of the Settlement Agreement and the award of attorneys' fees and costs, as described above. (See Paragraph 22 below) Any such objection must be mailed by United States mail to the Clerk of the United States District Court for the District of Connecticut, United States Courthouse, 450 Main Street Hartford, Connecticut 06103, and copies of that objection must also be mailed by United States mail to each of the following <u>so that they receive it no later than [thirty-five days after the date of mailing]</u>:

a) LANKENAU & MILLER LLP, 100 Church Street, 8th Floor, New York, New York 10007, Attention: Stuart J. Miller, Esq.; and

b) THE GARDNER FIRM, P.C., Post Office Drawer 3103, Mobile, Alabama 36652, Attention: Mary E. Olsen, Esq.; and

c) PULLMAN & COMLEY LLC, P.O. Box 7006, Bridgeport, CT 06601-7006, Attention: Monte E. Frank, Esq.

### Location and Date of Fairness Hearing of Proposed Settlement

22. **The Fairness Hearing for consideration and final approval of the Settlement Agreement and the award of attorney's fees and costs to Class Counsel is scheduled to take place before Hon. Vanessa L. Bryant on January 6, 2022 at 11:30 A.M. at the Abraham Ribicoff Federal Building United States Courthouse, Courtroom Two, 450 Main Street Hartford, Connecticut 06103. That hearing date may be changed without further notice. You may appear in person or by your own counsel at the final hearing.**

23. **Any questions from members of the Settlement Class about this Notice or requests for more information, including a copy of the Settlement Agreement, should be made to Attorney Mary Olsen by mail at THE GARDNER FIRM, P.C., Post Office Drawer 3103, Mobile, Alabama 36652; by email: molsen@thegardnerfirm.com or you may call her at (251) 415-4978.**

## DO NOT CALL THE COURT ABOUT THIS NOTICE

**While the Court has approved the sending of this notice, it takes no position and makes no legal opinion about the claims or defenses made by the parties in this litigation.**

> *Chris Kingsbury and Emiliano Lena, on behalf of themselves and all others similarly situated v. Prostar, Inc.*
>
> **Case No. 3:19-cv-01299-VLB**
>
> **(District of Connecticut)**

**OPT-OUT FORM**

I, the undersigned, have read the foregoing Settlement Class Notice and understand its contents.

I **DO NOT** want to participate or accept any money award in the above WARN Act Lawsuit and **DO NOT** wish to be bound by the Settlement Agreement described herein.

_____
**SIGNATURE**

_____
**ADDRESS**

_____
**NAME (printed or typed)**

_____
**CITY, STATE and ZIP CODE**

_____
**DATE**

_____
**TELEPHONE**

_____
**EMAIL ADDRESS**

If you do **NOT** wish to participate, send this completed form to:

Attention: Mary E. Olsen, Esq.
THE GARDNER FIRM, P.C.
Post Office Drawer 3103
Mobile, Alabama  36652

**EXHIBIT A**

[Settlement Class Member name/address]

| **Projected Net Settlement Amount, after the deduction of the Service Payments, Class Counsel's Fees and Class Counsel's Expenses** | $_____ |
|---|---|